IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, | ) | CR 12-8-M-DWM |
| --- | --- | --- |
| | ) | MJ 12-1-M-JCL |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MITCHELL JEROME BOOTHE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On January 13, 2012, Mitchell Jerome Boothe was charged with disrupting the performance of official duties by Government employees in violation of 41 C.F.R. § 102-74.390. According to the affidavit of United States Deputy Marshal Marvin Goffena, Boothe had been seated near the back of the second-floor courtroom in the Russell Smith Courthouse. He grew increasingly agitated while observing the first appearance and change of plea hearing presided over by United

States District Court Judge Dana Christensen. He eventually gathered his hat and walking cane, rose from his seat, and walked forward past the rail into the well of the courtroom, where he approached Assistant United States Attorney Tim Racicot. Boothe resisted as a Marshal and court security officer restrained him and escorted him from the courtroom. Once in the lobby area, he demanded to re-enter the courtroom and made several attempts to pull free from court security. He was arrested.

Boothe appeared for a bench trial before United States Magistrate Judge Jeremiah Lynch on February 23, 2012. After considering the evidence and testimony, Judge Lynch found Boothe guilty of the criminal charge. He ordered Boothe to pay a special assessment in the amount of $5, and a fine of $95, for a total of $100. He also ordered a one-year term of unsupervised probation, with the conditions that Boothe not commit another crime and "not enter any United States District Court facility in the District of Montana without permission from the United States District Judge who presides over the division in which a particular court facility is located." (Excerpts of Record ("ER") at 2.)

Boothe appeals the latter condition of his sentence, arguing it impermissibly infringes on his First Amendment rights.

**ANALYSIS**

When considering an appeal from a judgment entered by a magistrate judge, the district court applies the same standard of review as the court of appeals would in reviewing a district court judgment. Fed. R. Crim. P. 58(g)(2)(D). The parties dispute what that standard should be.

Generally, conditions of supervised release are reviewed for an abuse of discretion. *United States v. Stoterau*, 524 F.3d 988, 1002 (9th Cir. 2008). Boothe insists, however, that this condition should be reviewed *de novo* because it involves a fundamental constitutional right. He cites *Prete v. Bradbury*, in which the Ninth Circuit held that "constitutional questions of fact (such as whether certain restrictions create a "severe burden" on an individual's First Amendment rights) are reviewed *de novo*." 438 F.3d 949, 960 (9th Cir. 2006).

The circumstances here are distinguishable from *Prete* and the other cases that apply *de novo* review when questions of fact implicate the First Amendment. None of those cases concern restrictions on supervised release or probation. *See id.* at 961–62 (considering restrictions on an election process); *Berry v. Dept. of Soc. Servs.*, 447 F.3d 642, 648 (9th Cir. 2006) (considering restrictions on employees' religious speech); *Planned Parenthood of the Columbia/Willamette, Inc. v. Am. Coalition of Life Activists*, 290 F.3d 1058, 1070 (9th Cir. 2002) (considering restrictions on "Guilty" posters and website disclosing names and

addresses of abortion providers). "[P]robationers, like parolees and prisoners, properly are subject to limitations from which ordinary persons are free." *United States v. Bee*, 162 F.3d 1232, 1234 (9th Cir. 1998) (internal quotation marks and citation omitted)).

Under the First Amendment, Boothe has a qualified right of access to observe government activities, including judicial proceedings. *Leigh v. Salazar*, ___ F.3d ___, 2012 WL 1255043, *5 (9th Cir. Feb. 14, 2012); *see also Huminski v. Corsones*, 396 F.3d 53, 83 (2d Cir. 2004). However, a sentencing judge has "broad discretion in setting conditions of supervised release, including restrictions that infringe on fundamental rights." *Bee*, 162 F.3d at 1234 (holding that the district did not abuse its discretion in imposing a condition prohibiting probationer from possessing sexually oriented material); *see also United States v. Juvenile No. 1 (LWQ)*, 38 F.3d 470 (9th Cir. 1994) (upholding condition restricting firearm possession as reasonably necessary, regardless of whether Indian boy's participation in a tribal hunt constitutes a religious exercise protected by the First Amendment). The sentencing judge is generally not required to articulate his reasons for a condition if the reasons are apparent in the record; this is true even if the condition infringes on fundamental First Amendment rights. *United States v. Ross*, 476 F.3d 719, 721–22 (9th Cir. 2007).

On appeal, "considerable deference" is given to the judge's determinations. *Stoterau*, 524 F.3d at 1002. Discretionary conditions will be upheld so long as they are reasonably related to the factors in § 3553(a)(1)–(2) and "involve only such deprivations of liberty or property as are reasonably necessary" to accomplish the purposes indicated in § 3553(a)(2). 18 U.S.C. § 3563(b).

Here, the magistrate judge could reasonably have believed that the condition that Boothe not enter federal courthouses in the District of Montana without the permission of the presiding district judge for the term of one year is reasonably necessary to promote respect for the law, protect the public, and achieve specific deterrence. § 3553(a)(2)(A)–(C). Boothe disrupted a court proceeding, advanced on an attorney, had to be restrained by court security, and disobeyed the orders of the Deputy United States Marshal.[1] The magistrate reasonably determined this condition was necessary to protect the court, court staff, and attorneys from similar disruptions. Indeed, courts regularly uphold conditions imposing geographical and associational conditions that are intended to accomplish specific deterrence. *See United States v. Watson*, 582 F.3d 974, 984 (9th Cir. 2009) (citing cases and

---

[1]The court may also have considered Boothe's criminal history, which was apparently provided to the court before sentencing (ER 39) and is alluded to in the affidavit of the Deputy United States Marshal who arrested Boothe (ER 46). However, the criminal history is not in the record.

5

upholding condition banning defendant from the city of San Francisco unless granted permission to enter by his probation officer).

Nor is the condition overly broad. Boothe may enter a courthouse and attend court proceedings with the presiding district judge's permission, and the condition is only in place for one year. Notice to the court is reasonably necessary to assure the safety of all participants in the judicial process and remind Boothe that he must behave within the law when enjoying his right to attend judicial proceedings. Thus, the deprivation of his liberty is no greater than is reasonably required to accomplish the objectives § 3553(a).

Boothe raises two final arguments. He suggests that in lieu of the condition, "the very same criminal procedures" could be used again if he were to disrupt a second court proceeding. But this objection could be raised for any condition that seeks to deter a repetition or escalation of criminal behavior. The risk to court participants is unwarranted, and deterrence is a proper purpose of sentencing conditions. Boothe also notes the possibility that requiring a judge's permission to enter a courtroom presided over by that judge could result in a conflict of interest. Though that may be true if Boothe were a party in a case, the conflict of interest could be remedied by transferring or reassigning his case to another judge.

In conclusion, the magistrate judge did not abuse his discretion in imposing

this condition. Accordingly, IT IS ORDERED that the judgment is AFFIRMED and Boothe's appeal is DENIED.

Dated this 8th day of June 2012.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT